IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ALEXIS PEREZ-ESPINOZA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING GOVERNMENT'S MOTION TO ASSOCIATE/ CONSOLIDATE CASES**<br><br><br><br>Case No.   2:21-CR-00361<br><br>Honorable Judge Ted Stewart |

This matter is before the Court on the government's Motion to Associate/Consolidate Cases 2:22-cr-443 with 2:21-cr-361.[1] Case 2:22-cr-443, before Judge Barlow, involves kidnapping allegations against Defendant and Rodolfo Perez Espinoza, which allegedly occurred in August 2022. Case 2:21-cr-361, before this Court, involves allegations against Defendant related to possession of illicit substances with intent to distribute and reentry of a previously removed alien, which allegedly occurred in August 2021.

DUCrimR 57-3(a) states, "[w]here there are 2 or more cases pending against the same defendant before 2 or more assigned judges, the United States, the defendant, or the court on its own motion, *where appropriate,* may move by written motion before either judge to assign the case to the judge with the low-number case."[2]

The government represents that consolidation is appropriate because the two cases at issue involve the same defendant, Gabriel Alexis Perez-Espinoza, and, therefore, "for continuity

---

[1] Docket No. 92.

[2] Emphasis added.

and the interests of justice consolidating the two cases before a single judge . . . would be beneficial for all parties and the Court, itself."[3] Defendant opposes the Motion and argues that the consolidation is not appropriate because: the government has waited to move for consolidation until after a year has passed since the indictment was filed in the case before Judge Barlow; Judge Barlow has now entered a trial order in Case 2:22-cr-443, which includes deadlines with which the government must soon comply; consolidation will require this Court to duplicate the work of Judge Barlow in preparing for trial; and consolidation may interfere with both Defendant's right to a speedy trial and his co-defendant's right to a speedy trial in the case before Judge Barlow, both of whom have communicated their intent to move forward with trial scheduled to begin on January 5, 2024.[4]

DUCivR 83-2 outlines factors for consideration to determine whether a case should be transferred, including the following: "Whether the cases arise from the same or a closely related transaction or event;" "Whether the cases involve substantially the same parties;" "Whether the cases call for a determination of the same or substantially related questions of law and fact;" "Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges;" and "Whether there is risk of inconsistent verdict or outcomes."

While the cases at issue largely involve the same parties, the remaining factors weigh against consolidation. The cases at issue involve wholly different factual allegations and charges, which occurred over a year apart and, therefore, involve wholly different questions of law and fact. Accordingly, there is no danger of inconsistent verdicts. Further, given that the Motion to

---

[3] Docket No. 92, at 1–2.

[4] Docket No. 93.

consolidate was brought over a year from the indictment and only after Judge Barlow issued a

trial order in Case: 2:22-cr-443, transfer would entail substantial duplication of labor and would

contravene judicial efficiency. Based on consideration of the above factors, the Court finds that

consolidation is not appropriate and will, accordingly, deny the Motion to Associate/Consolidate

Cases.

It is hereby

ORDRED that the government's Motion to Associate/Consolidate Cases (Docket No. 92)

is DENIED.

DATED this 1st day of December, 2023.

BY THE COURT:

Ted Stewart
United States District Judge