IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ALEXIS PEREZ-ESPINOZA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER SETTING TRIAL DATE AND EXCLUDING TIME<br><br><br>Case No. 2:21-CR-361-TS<br><br>District Judge Ted Stewart |

  A three-count Indictment was filed against Defendant on September 1, 2021, for (Count 1) Possession of Methamphetamine with Intent to Distribute; (Count 2) Possession of Heroin with Intent to Distribute; and (Count 3) Reentry of a Previously Removed Alien. On October 23, 2022, Defendant filed a Motion to Suppress. Following several requested continuances of the evidentiary hearing, Defendant withdrew the Motion on February 1, 2023, and subsequently refiled it on March 6, 2023. Thereafter, Defendant requested numerous additional continuances of the evidentiary hearing, but did not withdraw the Motion.

  Defendant was appointed new counsel on May 4, 2023. Newly appointed counsel requested one continuance of the evidentiary hearing for Defendant's Motion to Suppress. On October 6, 2023, Defendant filed a Motion for Hearing on Destruction of Evidence, which the Court denied on December 4, 2024.

  On January 9, 2024, the Court held an evidentiary hearing on Defendant's Motion to Suppress. Following the parties' briefing on the first hearing, the Court held a supplemental hearing to create a more substantial record as to certain issues raised by Defendant. The parties

submitted simultaneous supplemental briefing on April 1, 2024, and the Court issued an order granting the Motion to Suppress in part on May 1, 2024.

The most recent trial date was set for May 15, 2023, and the Court had excluded time under the Speedy Trial Act through that date.[1] There is not currently a date set for trial.

18 U.S.C. § 3161(h)(1)(D) provides that periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" "shall be excluded" from computation of time under the Speedy Trial Act. Accordingly, the Court finds that all time from the time the Motion to Suppress was renewed, March 6, 2023, to the time the Court issued a decision on the Motion to Suppress, May 1, 2024, is excludable.

Defendant filed a Motion Requesting a Status Conference on May 6, 2024. The Court granted that Motion and held a status conference on May 21, 2024. At the status conference, Defendant's counsel represented that he requires additional time to prepare for trial. Since his appointment, defense counsel has expended significant time and resources on Defendant's Motion to Suppress. Having obtained a partially successful outcome in that Motion, Defendant's counsel now needs additional time to fully prepare for trial. At the hearing, the government stated that they did not object to a continuance.

Based on the parties' representations, the Court finds that failure to grant a continuance would likely make continuation of trial impossible or would deny counsel for both parties the reasonable time necessary for effective preparation.[2] Accordingly, the ends of justice served by

---

[1] Docket No. 55.

[2] 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.[3] The Court will set trial to begin on August 5, 2024, at 8:30 a.m., with the Final Pretrial Conference to be held on July 22, 2024.

It is therefore

ORDERED that the three-day jury trial previously scheduled to begin on May 15, 2023, is hereby continued to the 5th day of August, 2024, at 8:30 a.m. Accordingly, the time between Plaintiff's Motion Requesting Status Conference, May 6, 2024, and the new trial date set forth above, August 5, 2024, is excluded from computation under the Speedy Trial Act.

DATED this 21st day of May, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[3] *Id.* at § 3161(h)(7)(A).