IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ALEXIS PEREZ-ESPINOZA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE UNDER FED. R. CRIM. P. 16<br><br><br>Case No. 2:21-CR-361-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Gabriel Alexis Perez-Espinoza's Motion to Exclude Evidence for Failure to Comply with Fed. R. Crim. P. 16[1] and Motion to Exclude Expert Testimony.[2] For the reasons discussed below, the Court will deny both motions.

I. BACKGROUND

A three-count Indictment was filed against Defendant on September 1, 2021, for (Count 1) Possession of Methamphetamine with Intent to Distribute; (Count 2) Possession of Heroin with Intent to Distribute; and (Count 3) Reentry of a Previously Removed Alien. The Magistrate Judge set a discovery deadline of September 9, 2021. On September 7, 2021, the government filed its First Certificate of Compliance and Request for Reciprocal Discovery, in which it also stated that "[a]s additional discoverable material becomes available, such material will be provided within a reasonable time."[3]

---

[1] Docket No. 127.

[2] Docket No. 135.

[3] Docket No. 13, at 2.

1

On October 23, 2022, Defendant filed a Motion to Suppress. Following several requested continuances of the evidentiary hearing by Defendant, he withdrew the Motion on February 1, 2023, and subsequently refiled it on March 6, 2023. Thereafter, Defendant requested numerous additional continuances of the evidentiary hearing, but did not withdraw the Motion.

Defendant was appointed new counsel on May 4, 2023. The following day, newly-appointed counsel filed a Notice of Request for Discovery in which he requested "all discoverable material."[4] Counsel also requested one continuance of the evidentiary hearing for Defendant's Motion to Suppress. On October 6, 2023, Defendant filed a Motion for Hearing on Destruction of Evidence seeking the imposition of sanctions on the government for losing and delaying production of certain evidence. The Court denied this Motion on December 4, 2023, stating "the Court does not find good cause to hold a hearing on the issue or to impose sanctions at this time . . . [however] the Court does find it appropriate to admonish the government for its failure to provide material discoverable under Rules 16 and 26.2 . . . and its failure to retain all discoverable material relevant to the case at hand."[5]

On January 9, 2024, the Court held an evidentiary hearing on Defendant's Motion to Suppress. Following the parties' briefing on the first hearing, the Court held a supplemental hearing on February 20, 2024, to create a more substantial record as to certain issues raised by Defendant. The evidence put forth at the hearings supported the following sequence of events. Law enforcement agents obtained a ping warrant on a cell phone associated with a number ending in 3145 ("phone 3145"). Phone 3145 was suspected of being used in relation to drug

---

[4] Docket No. 71, at 1.

[5] Docket No. 96, at 9 (internal quotation marks omitted).

distribution activities. Law enforcement agents used the ping data of phone 3145 to track a vehicle they believed to be carrying a drug haul from California to Utah and subsequently initiated a traffic stop and search of that vehicle. Defendant was one of two occupants of the vehicle at the time it was stopped. The search allegedly revealed a distributable amount of illicit substances and several cell phones. Following the initial search of the vehicle, an officer asked the occupants of the vehicle to whom the cell phones belonged. Defendant responded that phone 3145 was his. He was later Mirandized and charged.

On May 1, 2024, the Court issued an order granting the Motion to Suppress in part, finding that Defendant's statement that Phone 3145 belonged to him was elicited in violation of Defendant's *Miranda*[6] rights and, accordingly, found the statement to be inadmissible.

According to the government, after Defendant's arrest in 2021, agents attempted to search the contents of phone 3145 but were unsuccessful because the extraction software, called "Cellebrite," was not yet sufficiently advanced to access the contents of the "locked" 3145 phone. Following the Court's Order on the Motion to Suppress, and in preparation for trial, the government alleges it sought to review its evidence and discovered the Cellebrite download of one of the other cell phones retrieved in the vehicle search—phone 0832—had malfunctioned. The government alleges it also learned at that time that, due to advances in the Cellebrite software, the contents of phone 3145 may now be accessible. Accordingly, the government applied for a search warrant to search the contents of phones 0832 and 3145, which was issued on June 24, 2024. The next day, the two phones were turned over to HSI for a second attempt to

---

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

download the contents, which was successful. The government alleges that counsel for the government informed Defendant's counsel that the phones were submitted to HSI for search and, later that same day, also informed counsel that the data retrieval efforts were successful. The government alleges the phone downloads were provided to the government the next day, June 26, 2024, and were immediately uploaded to the United States' discovery share program for examination by Defendant's counsel. The data retrieved allegedly includes images and messages that implicate Defendant as the owner of phone 3145.

After learning the government intended to introduce this evidence at trial, Defendant filed its Motion to Exclude Evidence seeking exclusion of the evidence retrieved from the phones on the basis that the evidence was untimely disclosed in violation of Rule 16 of the Federal Rules of Criminal Procedure and arguing the government had exhibited bad faith in its late disclosure. The following week, Defendant filed his Motion to Exclude Expert Testimony for the government's failure to comply with Rule 16's expert disclosure requirements. The Court addresses each Motion below.

## II.  LEGAL STANDARD

Rule 16(d)(2) of the Federal Rules of Criminal Procedure gives the Court broad discretion in imposing sanctions on a party who violates a discovery order. That Rule provides:

> If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

The Tenth Circuit articulated the following three factors a district court should consider in determining whether a sanction is appropriate in *United States v. Wicker*:[7] "(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance."[8] "[T]hese three factors should merely guide the district court in its consideration of sanctions; they are not intended to dictate the bounds of the court's discretion."[9]

If the Court concludes that sanctions are appropriate, it should impose the least severe sanction that will accomplish prompt and full compliance with the Court's discovery orders.[10] "The preferred sanction is a continuance."[11] "It would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."[12]

### III. DISCUSSION

A. Motion to Exclude Evidence

Fed. R. Crim. P. 16(a)(1)(E) provides that,

> "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy . . . documents, data, photographs, tangible objects, . . . or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or

---

[7] 848 F.2d 1059 (10th Cir. 1988).

[8] *Id.* at 1061.

[9] *Id.*

[10] *United States v. Jumaev*, 20 F.4th 518, 547 (10th Cir. 2021).

[11] *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

[12] *Id.*

(iii) the item was obtained from or belongs to the defendant.

Further, Rule 16(c) provides that "[a] party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production."

Defendant argues any evidence obtained from the 3145 and 0832 phones should be excluded because the government violated the September 1, 2021, discovery order "by producing discovery approximately 1,028 days after the Court ordered discovery deadline" and "violated Rule 16 by failing to timely disclose the evidence as it promised to do in its First Certificate of Compliance."[13]

As discussed, to determine if imposition of a sanction is appropriate, the Court considers "(1) the reasons for the delay in producing the requested materials, including whether or not the party acted in bad faith; (2) the extent of prejudice to the other party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance."[14]

First, the government has provided a legitimate reason for the delay and the facts alleged by Defendant do not suggest that the government acted in bad faith. The government has explained that law enforcement agents were unable to access the data on the phones when they initially attempted to do so due to limitations of their Cellebrite software. The government further alleged that advancement in the Cellebrite software is continually and rapidly advancing.

---

[13] Docket No. 127, at 9 (quotation marks omitted).

[14] *United States v. Nichols*, 169 F.3d 1255, 1268 (10th Cir. 1999) (citing *Wicker*, 848 F.2d at 1061).

Upon preparing for trial, the government learned that the phone data may now be retrievable and obtained a search warrant. They also learned the prior download of the data from phone 0832 had malfunctioned. Consequently, the government obtained a search warrant for both phones. Upon obtaining the search warrants and, subsequently, the phone data, the government immediately notified Defendant's counsel and quickly turned over the data.

The Court acknowledges that the phones, and inherently the phone data, has been in "possession" of the government for several years. However, "Rule 16 does not require that all scientific testing be conducted prior to the trial. [The Tenth Circuit] has held that Rule 16 requires only that the [g]overnment disclose promptly any additional discovered evidence."[15] Therefore, even assuming advances in the Cellebrite technology could have accessed the phone data some time ago, such would not support imposition of sanctions excluding the date here where there has been no evidence that the government "knew of [the evidence] and deliberately withheld such evidence."[16]

The Court is also unpersuaded by Defendant's suggestion that the government seemingly became more interested in the phone data only after the Court excluded Defendant's admission of ownership is indicative of bad faith. Again, nothing before the Court suggests that the government was aware of the contents of the phones before the contents were retrievable and

---

[15] *United States v. Edmonson*, 962 F.2d 1535, 1546 (10th Cir. 1992) (rejecting the defendant's argument that delayed production of fingerprint evidence violated Rule 16 where "counsel [for the defendant] was notified promptly about the discovery of [the defendant's] fingerprints on the buried plastic bag").

[16] *Id.*

purposefully failed to obtain that information at an earlier date. Accordingly, the Court finds Defendant has not presented any evidence of bad faith.

Defendant correctly points out that the Tenth Circuit has upheld district court decisions to exclude evidence where it found the government acted only negligently.[17] However, for the reasons stated above, the Court does not find that the government acted negligently regarding the phone data. Further, as discussed below, the remaining factors for the Court's consideration do not support exclusion of the evidence here.

The Court next considers the prejudice suffered by Defendant. "[W]hen applying the *Wicker* prejudice factor, [the Court] ask[s] whether the delay impacted the defendant's ability *to prepare or present its case*."[18] "Delay, therefore, is relevant to assessing prejudice under *Wicker* only to the extent that delay impaired the defendant's ability to mount his defense."[19] "The concept of prejudice does not encompass the expense of additional trial preparation."[20]

Defendant first argues the delayed production of the phone data has "impacted counsel's ability to prepare or present the case" and counsel will now "need additional time to alter his trial strategy to account for the newly produced evidence."[21] In *United States v. Golyanksy*, the Tenth

---

[17] *See United States v. Yepa*, 608 F. App'x 672, 678 (10th Cir. 2015) ("But our case law also establishes that negligence alone can justify excluding evidence."); *Wicker*, 848 F.2d at 1062 (finding no abuse of discretion where the district judge excluded evidence after finding a continuance was not possible due to "the district court's pressing schedule, the status of the present case, and the failure of a prior continuance and deadlines to ensure timely discovery.").

[18] *Jumaev*, 20 F.4th at 548 (internal quotation marks and citation omitted).

[19] *Id.*

[20] *Golyansky*, 291 F.3d at 1250.

[21] Docket No. 127, at 11 (internal quotation marks and citations omitted).

Circuit reversed a district court's ruling excluding a witness as a sanction where "[n]othing in the record suggest[ed] that, given time, [the defendants could not] adequately incorporate the [newly disclosed] evidence into the presentation of their case."[22] The Court found it significant that a jury had not yet been empaneled, and the defendants had not yet "committed . . . through opening statements or cross examination to a particular defense."[23] The Court further noted that the additional expense that the defendants would face in light of the newly discovered evidence "is an expense [the defendants] would have born even if the [g]overnment had promptly disclosed the evidence."[24]

The prejudice alleged by Defendant is similar to that discussed in *Golyansky*. If Defendant would have been provided the phone data in a timely manner, counsel would have been required to plan his trial strategy and respond as he must now do. Additional time to review the evidence and adjust counsel's trial strategy would, therefore, put Defendant is a similar position to if the phone data had been timely disclosed.

Defendant next argues that he is prejudiced because his "calculus in accepting or rejecting that proposed resolution may have been different had the [g]overnment timely disclosed all relevant evidence it intended to use in its chase-in-chief."[25] The Court cannot say what Defendant would have done if faced with this evidence sooner. However, until the Court's May 2, 2024 Order finding that Defendant statements claiming ownership of the 3145 phone were

---

[22] 291 F.3d at 1250.
[23] *Id.*
[24] *Id.*
[25] Docket No. 127, at 11.

inadmissible, Defendant would have known that the government had strong evidence indicting his ownership of the 3145 phone. Therefore, for the majority of this case, Defendant should have been aware that he would face evidence at trial suggesting that he was the owner of the 3145 phone, and the Court is not otherwise convinced that such a speculative claim of prejudice can support exclusion of the evidence. Further, as the putative owner of phone 3145, Defendant would have been well aware that potentially incriminating evidence could be found on the phone should the government be able to access it.

      Finally, the Court considers the feasibility of curing the prejudice with a continuance. In *Wicker*, the Tenth Circuit upheld the district court's finding that a continuance would not adequately remedy the prejudice where "the jury had already been selected and that trial was ready to begin[,]" "constraints imposed by other cases on its docket would not allow a continuance without prejudicing the parties in other criminal matters[,]" and "it had already taken affirmative steps in this case to guarantee prompt and complete discovery, but to no avail."[26] The Court is not faced with the same calendaring constraints or the inconvenience of having already empaneled a jury. And, while the Court does not find it insignificant that this case has been pending for several years, the Court notes that the motions to continue entered in this case have been filed by or stipulated to by Defendant and the rescheduling of the motion to suppress hearing were made at the request of Defendant's previous counsel. Further, the Court does not believe that Defendant's counsel will require a significant amount of time to review and prepare to address the newly disclosed evidence. Accordingly, the Court finds that any prejudice

---

[26] *Wicker*, 848 F.2d at 1061–62.

suffered by Defendant can feasibly be cured by a continuance. The Court will use the time scheduled for the Final Pretrial Conference to discuss with Defendant's counsel if the Defendant desires such a continuance and, if so, the length of the requested continuance.

B. Motion to Exclude Expert Testimony

Fed. R. Crim. P. 16(a)(1)(G) requires the government to disclose specific information regarding any "testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed."[27] The disclosure requirements for each witness includes:

> a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C); the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.[28]

Defendant's Motion argues for the exclusion of the numerous expert witnesses disclosed by the government because the government's disclosures do not comport with all the requirements stated in Rule 16(a)(1)(G)(iii), and the disclosures were not timely under DUCrimR 16-1(c).

First, Defendant seeks to exclude the expert testimony of DEA Task Force Officer Arturo Duarte, who would testify as to translations of text messages found in the newly disclosed cell phone data. Defendant asserts the government has not provided a complete statement of all opinions that Officer Duarte will offer, but instead merely identifies the topics he will testify

---

[27] Fed. R. Crim. P. 16(a)(1)(G)(i).
[28] *Id.* 16(a)(1)(G)(iii).

about; does not establish Officer Duarte's qualifications; and does not include a list of cases in which Duarte has previously testified as an expert. Further, the disclosure of Mr. Duarte was untimely. The Court agrees with Defendant's assessment. The government asserts that Officer Duarte is continuing to review and translate the text messages and will continue to provide them to Defendant.

Second, Defendant seeks to exclude the testimony of DEA Special Agent Eric Breyer, who would testify as to drug trafficking techniques, modes, and methods generally, and possibly be used to counter any defense by Defendant that he did know about the illicit substances found in his vehicle. Defendant argues the government has not adequately disclosed the bases and reasons for his opinions and has not provided a list of the cases in which he has testified as a witness. Defendant further asserts the disclosure was untimely. The Court agrees with Defendant's assessment. The government's untimely disclosure of Special Agent Breyer provides a summary of his expected testimony and subsequently states his extensive experience in the narcotics trafficking field.

> [P]olice officers can acquire specialized knowledge of criminal practices and thus the expertise to opine on such matters. But witnesses relying solely or primarily on experience must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.[29]

The Court finds the government's disclosure of Special Agent Breyer does not meet the requisite standard for the reasons argued by Defendant.

---

[29] *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014) (internal quotation marks and citation omitted); *see also United States v. Nacchio*, 555 F.3d 1234, 1258 (10th Cir. 2009); Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

Third, Defendant seeks to exclude the testimony of each of the forensic chemists disclosed by the government, who would testify as to the lab testing of the illicit substances retrieved from the vehicle subject to the search in this case. Again, Defendant argues the disclosures are insufficient because the government fails to list the cases in which the forensic chemists have provided testimony and fails to adequately list each witness' qualifications. The witness disclosures were also untimely filed. The government filed the *curriculum vitae* of each of these witnesses after Defendant's Motion and well after the disclosure deadline, but still has not provided a sufficient list of prior cases in which each of the witnesses have testified as an expert. The Court accordingly finds the government's disclosure of the forensic chemist experts to be deficient under Rule 16.

Finally, Defendant seeks exclusion of testimony from HSI Special Agent Bryan Snelgrove, who would testify as to the two cellphone downloads recently obtained by the government. Defendant asserts the government's disclosure does not adequately specify what opinions will be offered or the basis of those opinions and does not provide a list of cases in which Snelgrove has testified as an expert. And, again, the disclosure was untimely. The Court agrees with Defendant's assessment.

As described above, the government has committed numerous violations of Rule 16's expert disclosure requirements. As in the previous analysis, the Court applies the *Wicker* factors in determining the appropriate sanction, keeping mind the preferred sanction is a continuance,[30]

---

[30] *Wicker*, 848 F.2d at 1061.

and it is "a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."[31]

The Court finds no evidence of bad faith on the part of the government in failing to meet the requirements of Rule 16. The Court is, however, disappointed in the government's lack of knowledge of the local rules, and the government's suggestion that its untimeliness is in part attributable to defense counsel's zealous efforts to represent his client and require the government meet its burden. However, considering each of the *Wicker* factors, the Court finds that exclusion of the expert testimony is not the appropriate remedy. For largely the same reasons discussed in the previous section, the Court believes the prejudice suffered by Defendant can adequately be addressed by a continuance, and that a continuance is feasible.

The government must provide updated expert disclosures that comply with each of the requirements of Rule 16(a)(1)(G) in an expedited manner. Any failure to comply with Rule 16 at that point will result in exclusion of the expert's testimony.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Exclude Evidence for Failure to Comply with Fed. R. Crim. P. 16 (Docket No. 127) is DENIED. It is further

ORDERED that Defendant's Motion to Exclude Expert Testimony (Docket No 135) is DENIED without prejudice. It is further

---

[31] *Id.*

14

ORDERED that the government file its updated expert disclosures no later than July 23, 2024.

DATED this 19th day of July, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

15