IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ALEXIS PEREZ-ESPINOZA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON UNITED STATES' NOTICE OF INTENT TO OFFER EVIDENCE UNDER RULE 404(b)<br><br>Case No. 2:21-CR-361 TS<br><br>District Judge Ted Stewart |

The United States has filed a notice of intent to introduce evidence under Federal Rule of Evidence 404(b). Defendant opposes the admission of such evidence. For the reasons discussed herein, the Court will allow the evidence.

I. BACKGROUND

Defendant Gabriel Alexis Perez-Espinoza was indicted on September 1, 2021, for Possession of Methamphetamine with Intent to Distribute, Possession of Heroin with Intent to Distribute, and Reentry of a Previously Removed Alien.[1] The evidence alleged by the government in support of Defendant's charges includes the following: Officers obtained a ping warrant for a cell phone believed to be used in connection with a drug trafficking organization (DTO). On August 3, 2021, officers used the phone's location to track and initiate a traffic stop on a Ford truck believed to be carrying a drug load from California into Utah. Officers identified two occupants of the vehicle. Defendant was the driver and provided what was later determined to be a fraudulent Mexican ID. During the pendency of the stop, a canine drug sniff was

---

[1] Docket No. 8.

1

conducted and the canine indicated on the Ford. Officers later thoroughly searched the vehicle and discovered a hidden compartment on the underside of the Ford, which contained distributable amounts of methamphetamine and heroin. The parties dispute whether Defendant knew about the controlled substances and the hidden compartment of the Ford.

On January 24, 2024, the government filed a Notice of Intent to Use Evidence seeking admission of evidence of an alleged incident occurring in 2020 wherein Defendant was arrested following discovery of a hidden compartment in a vehicle believed to be carrying drug proceeds. Defendant filed an Opposition to the government's Notice on June 11, 2024.

## II.  DISCUSSION

The government seeks to introduce the following evidence at trial regarding Defendant's prior arrest: In January 2020, officers investigating a DTO identified a silver Saturn SUV with ties to southern California as a drug delivery vehicle. Officers installed a tracking device on the Saturn and later initiated a traffic stop on the vehicle believing it was transporting drug proceeds. Upon initiating the stop, officers identified two individuals in the vehicle. Defendant was the driver. Both Defendant and the passenger provided the officers with fraudulent Mexican IDs.

 The Saturn was later impounded and, after a canine indicated on the vehicle, a warrant was obtained to search the vehicle. The search revealed $20,998.00 of suspected drug proceeds hidden in a false floor compartment of the Saturn. Officers also found $4,114.00 on Defendant's person. Officers later searched the home the Saturn was observed leaving from before the stop was initiated. The search revealed items consistent with drug distribution, such as scales and vacuum seal bags. Defendant was arrested following the traffic stop, but the government does not allege that Defendant was charged or convicted of any crime in association with these events.

The government contends that this incident is admissible under Rule 404(b) because it is offered for the purpose of showing Defendant's "intent, knowledge, identity, and lack of mistake or accident."[2] Defendant objects, arguing admission of the evidence would be improper under the applicable evidentiary rules because the prior incident:

> (1) involved a completely different car . . . ; (2) did not result in the discovery of any drugs; (3) did not result in [Defendant] admitting knowledge of a hidden compartment; (4) did not result in [Defendant] being charged with a crime; (5) did not result in [Defendant] being convicted of a crime; (6) did not involve the same passenger as the 2021 traffic stop; and (7) occurred approximately 19 months prior to the incident relevant to this case.[3]

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[4] However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[5] The Tenth Circuit has provided a four-pronged test to determine whether prior act evidence is admissible under Rule 404(b):

> (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it is admitted.[6]

---

[2] Docket No. 99, at 6.

[3] Docket No. 122, at 2–3.

[4] Fed. R. Evid. 404(b)(1).

[5] *Id.* 404(b)(2).

[6] *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

*A. Proper Purpose*

As stated, the government argues the events surrounding Defendant's prior arrest are offered for the proper purposes of demonstrating Defendant's intent, knowledge, identity, and lack of mistake or accident. Defendant argues the evidence of his prior arrest does not support that he knew of the illegal substances found in the Ford because, unlike the cases the government cites in support of admission of the evidence, the prior arrest at issue involved cash found in the hidden compartment and not any actual drugs. Further, Defendant argues the evidence proffered by the government does not demonstrate Defendant had knowledge of the cash found or of the hidden compartment involved in the prior arrest.

Regarding identity and lack of mistake or accident, Defendant disagrees with the government's contention that the prior arrest demonstrates Defendant's "signature manner" of transporting contraband "via hidden vehicular compartments."[7] Again, Defendant argues the cases cited by the government in support of admission are distinguishable from the instant case because the circumstances surrounding the 2020 arrest are too dissimilar to the charges at issue in this case. Specifically, the two incidents did not involve the same vehicle, the same contraband. or the same passengers. Therefore, Defendant argues, the evidence cannot support a "signature manner."

The Court disagrees with Defendant. There is no dispute that intent, knowledge, identity, and absence of mistake or accident are proper purposes for introducing prior act evidence under Rule 404(b). And, as detailed below, the Court finds that the alleged facts leading to Defendant's

---

[7] Docket No. 122, at 9 (quoting Docket No. 99, at 8).

prior arrest are similar enough to the alleged facts leading to the charges Defendant now faces to serve the purposes asserted by the government.

*B. Relevance*

"In the context of Rule 404(b), 'prior narcotics involvement is relevant when that conduct is close in time, highly probative, and similar to the activity with which the defendant is charged.'"[8] The evidence proffered by the government supports that both the 2020 and 2021 incidents share the following facts: law enforcement officers were tracking a vehicle based on its suspected use in drug trafficking activities between Utah and California. At some point, officers initiated a traffic stop on the respective vehicle believing it to be carrying contraband. Officers identified two occupants of the vehicle: Defendant as the driver and another individual as the passenger. Both Defendant and the passenger provided a fraudulent Mexican ID. After a drug sniff canine indicated positively on the vehicle, officers conducted a thorough search. The search revealed a hidden compartment in or on the vehicle, and found suspected contraband within that hidden compartment. The government further asserts the two traffic stops occurred within 40 miles of each other.

The Court finds the proffered similarities between these two instances raise "an inference that the defendant had knowledge of the existence of contraband hidden inside a vehicle" he was

---

[8] *United States v. Enriquez*, 457 F. App'x 795, 801 (10th Cir. 2012) (unpublished) (quoting *United States v. Wilson,* 107 F.3d 774, 785 (10th Cir. 1997)); *see also United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995) ("The Tenth Circuit has long recognized the relevance of previous wrongs and crimes in the context of narcotics violations. This is particularly true when the uncharged misconduct is close in time and similar in method to the charged crime.") (internal quotation marks and citations omitted).

driving.[9] Considering the extent of the similarities, and the parties' apparent dispute regarding whether Defendant knew of the controlled substances found in the Ford, the Court finds the prior act evidence proffered by the government to be highly probative and relevant.

Defendant argues the proffered prior act evidence is "too dissimilar from the charged conduct" and "impermissibly requires the jury to draw a chain of inferences dependent upon a conclusion about [Defendant's] character."[10] In support, Defendant again references the fact that the circumstances surrounding the prior arrest did not involve actual drugs and that there is no evidence that Defendant admitted knowledge of the hidden compartment during the prior arrest. He further argues that the relevance of the evidence proffered by the government is based on the improper assumption that the cash discovered in the hidden compartment was drug proceeds. Finally, Defendant argues the prior arrest cannot be relevant because it occurred 19 months prior to the incident leading to the charges in the instant case.

The Court does not believe the discovery of suspected drug proceeds instead of actual drugs is so significant as to overshadow the many similarities—particularly the unique circumstance of driving a vehicle with a hidden compartment. The Tenth Circuit has upheld similar reasoning.[11] Further, the evidence proffered by the government of the prior arrest could

---

[9] *Enriquez*, 457 F. App'x at 800. *See also United States v. Lazcano-Villalobos*, 175 F.3d 838, 846 (10th Cir. 1999) ("Specifically, evidence concerning his prior arrest implicates his knowledge of the hidden compartment in the instant case because it shows he previously owned a car in which he concealed contraband in a hidden compartment. The facts the contraband changed from marijuana to cocaine and the location of the hidden compartment changed from the rear bumper to under the dash, do not make the evidence less probative.").

[10] Docket No. 122, at 10.

[11] *See Enriquez*, 457 F. App'x at 801–02 ("The underlying circumstances in the two offenses are sufficiently similar to be helpful to the jury in deciding a disputed issue. While Sergeant Walker did not actually recover narcotics from behind the rear quarter panels, the

reasonably support a finding that the cash discovered in the Saturn was related to drug distribution activities. Therefore, the Court does not believe the jury must improperly "assume" the cash was associated with drug distribution, even without an admission by Defendant. Finally, while 19 months is not an insignificant amount of time, the Court does not believe it to be so lengthy as to make the prior arrest irrelevant to the issues before the jury.[12] Defendant may, of course, point out these distinctions and challenge the strength of the evidence at trial.

As an alternative to excluding all the prior act evidence, Defendant argues evidence of the search conducted at the apartment in 2019 is too dissimilar to the instant charges to be relevant. The Court disagrees. Evidence of the apartment search supports the government's assertion that the cash found in the Saturn was, in fact, drug proceeds. Therefore, the Court finds the apartment search to be relevant, but will not allow the government to solicit extraneous details of the apartment search.

C. Unfair Prejudice

The Court next assesses whether the probative value of the prior act evidence is substantially outweighed by unfair prejudice to the defendant. Where, as here, the Court finds the probative value to be high, "any potentially prejudicial impact [must] be extremely heavy, in

---

presence of fresh smudges in a rarely accessed area and a positive alert from a drug-sniffing dog provide circumstantial evidence that Enriquez knew there were drugs hidden inside the vehicle in this case.").

[12] *See contra United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (finding that "four to six years transcends our conception of 'close in time'"); *United States v. Lowe*, 571 F. Supp. 3d 1208, 1213–14 (D. Colo. 2021) (finding a plea agreement and conviction that occurred seven years prior to be "too remote to be admissible as Rule 404(b) evidence").

order to for the [Court] to . . . deem[] the evidence inadmissible under Rule 403."[13] The Court does not believe Defendant will suffer such a heavy prejudicial impact by introduction of the prior arrest evidence proffered by the government. Further, any such impact can be addressed by limiting the government from soliciting excessive and irrelevant details surrounding the prior arrest.

*D. Limiting Instruction*

Because a limiting instruction can be provided upon request of either party, the Court finds that each of the relevant factors support admission of the government's proffered prior act evidence. Accordingly, the Court will admit the evidence proffered by the government, subject to the above-described limitations.

SO ORDERED.

DATED this 4th day of September, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[13] *United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995).